IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| SCOTT GORDON, #A1080674, | ) | CIV. NO. 1:17-cv-00541 DKW-KJM |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION FOR |
| vs. | ) | RECONSIDERATION AND/OR TO |
| | ) | ALTER OR AMEND JUDGMENT |
| FRANCIS SEQUEIRA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Plaintiff Scott Gordon seeks reconsideration of the January 24, 2018 Order Dismissing Amended Complaint in Part ("January 24 Order"). *See* Mot., ECF No. 10; *see also* January 24 Order, ECF No. 9. Gordon seeks reconsideration of the dismissal with prejudice of his claims for declaratory and injunctive relief as alleged against Defendants in their official capacities. He also seeks reconsideration of the dismissal with prejudice of his claims under the Eighth Amendment, because he clarifies that he was *not* a pretrial detainee when the incidents at issue occurred, and therefore asserts that his failure-to-protect and inadequate medical care claims arise under the Eighth, rather than under the Fourteenth, Amendment.

For the following reasons, Gordon's Motion for Reconsideration and/or to Alter or Amend Judgment is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARDS

A district court can reconsider final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). A district court can also reconsider non-final partial judgments pursuant to Rule 54(b). *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). "[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also* Fed. R. Civ. Proc. 54(b).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645,

648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

Local Rule 60.1 states in relevant part:

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

    (a) Discovery of new material facts not previously available;

    (b) Intervening change in law;

    (c) Manifest error of law or fact.

Motions asserted under Subsection (c) of this rule must be filed not more than fourteen (14) days after the court's written order is filed.

LR60.1; *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (discussing the district court's discretion to reconsider a prior order under the Federal Rules of Civil Procedure when there is newly discovered evidence, clear error, or an intervening change in controlling law).

A successful motion for reconsideration must demonstrate a reason why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature that induces the court to reverse its prior decision. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); *Davis v. Abercrombie*, 2014 WL 2468348, at *2 (D. Haw. June 2, 2014). Whether to "grant reconsideration is committed to the sound discretion of the court." *White*, 424 F.

Supp. 2d at 1274 (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## II.  DISCUSSION

Gordon is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona.  He complains of incidents that allegedly occurred in June 2016 while he was incarcerated at the Halawa Correctional Facility ("HCF"), located in Aiea, Hawaii.  Gordon alleges that Defendants failed to protect him from assault from other inmates, provided him inadequate medical care, and retaliated against him in violation of federal and state law.  The facts underlying these claims are set forth in detail in the January 24 Order, and the Court will reiterate them here only as necessary.

**A.**     **Reconsideration of the Dismissal of Declaratory and Injunctive Relief**

The January 24 Order dismissed Gordon's damages claims against all Defendants sued in their official capacities with prejudice.  Gordon argues that Defendants may be sued in their official capacities because he seeks injunctive relief declaring that inmate "Tuimalealiifano [is] extremely dangerous" and an order removing Tuimalealiifano from the general population.  Mot., ECF No. 10, PageID #84.

As previously explained, official capacity Defendants may be sued under 42 U.S.C. § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

First, Gordon does not allege that Defendants violated his rights after he was released from HCF disciplinary segregation on July 30, 2016, or since he transferred to SCC. Gordon therefore does not allege an ongoing violation of federal law and does not state a claim for prospective declaratory or injunctive relief.

Second, Gordon transferred to SCC in January 2017, before he commenced this action. When a prisoner seeks injunctive relief regarding the conditions of his confinement, that prisoner's transfer to another prison renders a request for injunctive relief moot, unless he can "demonstrate 'a reasonable expectation that he [would be] subjected again'" to the policies or conditions that he challenges.

*Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995); *Williams v. Lozano*, 2018 WL 558765, at *5 (E.D. Cal. Jan. 25, 2018) (same). Gordon does not allege ongoing constitutional violations at SCC stemming from the policies or conditions at HCF. Nor does he allege facts showing that he will inevitably be subjected to the same conditions that he challenges, assuming he is transferred back to HCF.

Third, Gordon unequivocally states that Tuimalealiifano "has forever and finally been removed from the [general population] and now is being pursued by state officials on multiple counts of assaults." Am. Compl., ECF No. 8, PageID #41. His request for declaratory relief has therefore been satisfied, and as explained in the January 24 Order, is also subsumed by his request for damages. *See Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

Gordon's claims for prospective declaratory and injunctive relief regarding violations that allegedly occurred at HCF are moot or satisfied and are DISMISSED. The Motion for Reconsideration and/or to Alter or Amend Judgment regarding these claims is DENIED.

## B.  Deliberate Indifference - Eighth Amendment

The January 24 Order mistakenly assumed Gordon was a pretrial detainee at the time the alleged violations occurred and determined that Gordon's deliberate

6

indifference claims therefore arose under the Fourteenth Amendment, rather than under the Eighth Amendment. *See* January 24 Order, ECF No. 9, PageID #66. Gordon clarifies that he was a convicted felon when the incidents at issue occurred, not a pretrial detainee. *See State v. Gordon*, Cr. No. 07-1-002329 (1st Cir. Haw 2007). *See* http://www.courts.state.hi.us/legal_references/records/jims (1PC071002329) (last visited Feb. 21, 2018).[1]

In light of this, the Court must review Gordon's failure-to-protect and inadequate medical care claims under the Eighth Amendment (rather than under the Fourteenth Amendment) to determine whether they state a claim. *See* 28 U.S.C. §§ 1915(e) and 1915A(a) (requiring pre-answer screening of all inmate complaints filed in forma pauperis or against government officials).

Screening under §§ 1915(e)(2) & 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

---

[1]While Gordon was on probation in *State v. Gordon*, 1PC071002329, he was arrested on new charges on Dec. 4, 2015, in *State v. Gordon*, 1PC151001930, resulting in his reincarceration at HCF in 2016. *See* http://www.courts.state.hi.us/legal_references/records/jims.

7

2012). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

C. **Count III – Inadequate Medical Care**

In Count III, Gordon alleges that Defendant Dr. Craig denied him medical care by releasing him from the Medical Unit on June 20, 2016, despite the "intimate and confidential information" that Gordon had told Craig regarding his fear of assault by inmate Tuimalealiifano and other gang members if he was released to the general population. *See* Am. Comp., ECF No. 8, PageID #51.

In the January 24 Order, the Court held that, regardless of whether Count III arose under the Eighth or Fourteenth Amendment,

> Gordon fails to allege that he had an objectively serious medical need that could result in further significant injury or unnecessary pain that Dr. Craig refused or failed to treat. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). This objective element is required under both [Eighth and Fourteenth Amendment] standards. *See Lau* [*v. Kekuaokalani*], 2017 WL 3187216, at *4 [(D. Haw. July 25, 2017)]. Rather, Gordon is attempting to transform his failure-to-protect claim into a separate claim against Dr. Craig for the denial of medical care. While Dr. Craig may have failed to protect Gordon, as discussed below, nothing suggests that he failed to provide Gordon medical care for his injuries.

January 24 Order, ECF No. 9, PageID #69. The Court dismissed Count III with leave to amend for Gordon's failure to state a colorable claim for the denial of

8

medical care. Thus, substituting the Eighth for the Fourteenth Amendment has no affect on the dismissal of Count III, and it remains DISMISSED with leave to amend.

D.      **Failure-to-Protect Claims Under the Eighth Amendment**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and quotations omitted). Prison officials are liable under the Eighth Amendment for failing to protect an inmate from assault only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate. Deliberate indifference occurs when an official acts or fails to act despite his subjective knowledge of a substantial risk of serious harm. *Id.*, at 834, 841; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but he or she must have more than a "mere suspicion" that an attack will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

The obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm at the hands of other

prisoners do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007). To state a cognizable Eighth Amendment failure-to-protect claim, an inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious,'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); and (2) the prison official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Id.* at 834 (quoting *Wilson*, 501 U.S. at 297, 302-03). The prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### 1. *Count I – June 6, 2016 Assault*

In Count I, Gordon claims that Doe Defendants 1-10 (HCF Correctional and Supervisory Officers) should have known that Tuimalealiifano was an extremely violent inmate who required separation from other inmates before Tuimalealiifano attacked him on June 6, 2016. Gordon states that Doe Defendants 1-5 knew or should have known of the likelihood that Tuimalealiifano would attack someone from information contained in Tuimalealiifano's institutional records. He says they failed "to appropriately classify Tuimalealiifano as 'extremely dangerous' and certified 'STG' due to his reign of violence, terror, and multiple savage assaults."

10

Am. Comp., ECF No. 8, at PageID #47. Gordon alleges that Supervisory Does 6-10 failed to remove Tuimalealiifano from the general population "pursuant to Policy," establishing their deliberate indifference.[2] *Id.*

Gordon was incarcerated at HCF from January 8 to June 6, 2016 without incident. Gordon does not identify what specific information was available to Doe Defendants 1-10 before Tuimalealiifano's attack on June 6, 2016. He does not explain *when* Tuimalealiifano allegedly assaulted other inmates and staff or *what* information was available in Tuimalealiifano's institutional files or criminal history that should have alerted Doe Defendants 1-10 to Tuimalealiifano's threat to other inmates. Gordon does not state what his own classification status was, what the classification of inmates housed in Module 3 was, or why Tuimalealiifano was incorrectly housed in Module 3. He does not allege that he protested his transfer to Module 3 (where he was assaulted by Tuimalealiifano), or informed Doe Defendants 1-10 of his fear of Tuimalealiifano specifically, or of gang members in general, before that transfer.

Further, Gordon indiscriminately names Doe Defendants 1-10 without any individualized or specific explanation as to how each individual officer violated his rights. This is insufficient to show their personal participation in his alleged

---

[2]Gordon does not state to which prison policy he refers.

violation or to state a failure-to-protect claim under the Eighth Amendment against Doe Defendants 1-10. Count I remains DISMISSED with leave to amend.[3]

### 2. *Count II – June 20, 2016 Assault*

Gordon was housed in the Medical Unit after the June 6, 2016 attack and remained there until June 20, 2016. While there, he told Defendants Dr. Craig and Counselor Neeson of his specific fears regarding Tuimalealiifano and his gang associates. He alleges that Neeson and Dr. Craig failed to relay this information to anyone or do anything to prevent his June 20, 2016 transfer from the Medical Unit to Module 1, where Tuimalealiifano's gang associates were housed, and he was assaulted again.[4] This sufficiently states a claim that Neeson and Craig acted with deliberate indifference to a known, substantial risk of harm that Gordon might be assaulted if he was housed with Tuimalealiifano or his gang associates.

Gordon alleges that Defendant Program Administrator Kaplan authorizes all movements at HCF, and Unit Team Manager Morreira reviews and files all documentation pertaining to Gordon that form the basis for such housing decisions.

---

[3]If Gordon elects to amend this claim, he must refer to any unknown defendant as John Doe 1, John Doe 2, John Doe 3, and so on, and allege facts showing how *each* Doe defendant individually violated his rights. He may then identify them during discovery and substitute those names in the Complaint. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

[4]Although Gordon alleged Dr. Craig's action constituted the denial of medical care, the Court construes this as a failure-to-protect claim.

Gordon says that Kaplan and Morreira should have seen his "Separatee" memorandum against inmates Tuimalealiifano, Talo, and other gang members in his file, were clearly aware of his June 6, 2016 assault, and should have known that he faced danger from Tuimalealiifano's gang associates, yet they authorized his transfer to Module 1, regardless of this knowledge. This states a colorable claim that Kaplan and Morreira acted with deliberate indifference to a substantial risk of serious harm to Gordon when they authorized his transfer to Module 1.

Gordon's failure-to-protect claims under the Eighth Amendment against Dr. Craig, Neeson, Kaplan, and Morreira state a claim and will be permitted to proceed.

### 3. *Count II – Sergeant Dixon and Captain Su'apaia*

At Gordon's request, Sergeant Dixon and Captain Su'apaia housed him in administrative segregation after he returned from the Pali Momi Medical Center on June 21, 2016, pending an investigation for protective custody. Warden Sequeira conducted an investigation and thereafter denied Gordon protective custody on June 30, 2016. These allegations fail to state a colorable claim under the Eighth Amendment against Dixon or Su'apaia and remain DISMISSED with leave to amend.

### 4. *Count II – Sequeira and Kimoto*

Gordon alleges that Defendants Warden Sequeira and Shari Kimoto failed to protect him in their supervisory positions at HCF and with the Department of Public Safety. For the reasons stated in the January 24 Order, Gordon fails to state a colorable failure-to-protect claim under the Eighth Amendment against Warden Sequeira or Kimoto based on their supervisory positions. That is, Gordon sets forth no facts showing that Sequeira and Kimoto acquiesced in, were personally involved in, failed to properly train or supervise Defendants Craig, Neeson, Kaplan, and Morreira, or promulgated policies or procedures that led to Gordon's assaults. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013). Claims against Warden Sequeira and Kimoto remain DISMISSED with leave to amend. *See* Order, ECF No. 9, PageID #75-78.

### III. CONCLUSION

The Motion for Reconsideration and/or to Alter or Amend Judgment is GRANTED IN PART AND DENIED IN PART. Reconsideration of the dismissal of declaratory and injunctive relief claims against all Defendants in their official capacities is DENIED. Claims alleged under the Eighth Amendment against Defendants Dr. Thomas Craig, III, Paul Neeson, Gary Kaplan, and Keoni Morreira in their individual capacities state a plausible claim for relief as limited by this

Order and will be permitted to proceed.  All other claims, even when viewed through the lens of the Eighth Amendment, remain DISMISSED as set forth in the January 24 Order.

Gordon may file an amended pleading that cures the deficiencies in those claims that were dismissed with leave to amend on or before March 23, 2018.

IT IS SO ORDERED.

DATED: February 22, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Gordon v. State of Hawaii, et al.*; Civil No. 17-00541 DKW-KJM; **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND JUDGMENT**

*Gordon v. State*, 1:17-cv-00367 DKW-KJM; recon '18 Gordon 17-367 (recon 8 n 11 Am cl)