IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| SCOTT GORDON, #A1080674, | ) | CIV. NO. 1:17-cv-00541 DKW-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO FILE SECOND AMENDED |
| vs. | ) ) | COMPLAINT AND DISMISSING FIRST AMENDED COMPLAINT IN |
| FRANCIS SEQUEIRA, *et al.*, | ) ) | PART WITH LEAVE TO AMEND |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint ("Motion") and proposed Second Amended Complaint ("SAC"). ECF Nos. 28, 28-1. The SAC clarifies that Defendants Halawa Correctional Facility ("HCF") counselor Paul Neeson, physician Thomas Craig, III, M.D., unit team manager Keoni Morreira, and classification custody officers Does 1 and 2 are named in their individual capacities and requests the court take supplemental jurisdiction over Plaintiff's state negligence claims pursuant to 28 U.S.C. § 1367.[1]

The SAC omits previously alleged facts that supported Plaintiff's claims against Defendants Craig and Morreira. Consequently, if the SAC is permitted to be filed, these claims are subject to dismissal for Plaintiff's failure to state a claim. Plaintiff's Motion is therefore DENIED.

---

[1] Plaintiff submits this amended pleading in response to the April 3, 2018 Order Dismissing First Amended Complaint in Part and Directing Service. *See* ECF No. 15.

Further, on closer review of the operative March 20, 2018 First Amended Complaint ("FAC"), ECF No. 14, it is clear that Plaintiff fails to state a claim against Defendants Craig and Morreira without reference to his original Complaint and these claims must be DISMISSED. Plaintiff is therefore DIRECTED to submit an amended complaint on the court's prisoner civil rights complaint form that explicitly sets forth *all* of the facts that support his federal civil rights and state negligence claims as alleged against Defendants Neeson, Craig, Morreira, and Does 1 and 2 in their individual capacities. Plaintiff shall file the amended pleading on or before June 21, 2018.

## I.  Background

Plaintiff has filed four pleadings in this action, with varying degrees of detail. *See* ECF Nos. 1, 8, 14, and 28-1. Plaintiff first failed to sign the original Complaint and the court instructed him to sign and submit another pleading. *See* Ord., ECF No. 7. Plaintiff did so on January 5, 2018. Am. Compl., ECF No. 8.

On January 24, 2018, the court screened the amended Complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims: (1) for damages against all Defendants named in their official capacities; (2) as asserted under the Eighth

Amendment, because it appeared that Plaintiff was a pretrial detainee;[2] (3) for retaliation under the First Amendment; (4) alleging assault and battery under state law; and (5) against Defendants HCF Warden Francis Sequeira, Administrator Shari Kimoto, and Does 1-10.  The court held that Plaintiff stated a claim against Defendants Craig, Neeson, Gary Kaplan, and Morreira in their individual capacities and granted him leave to file an amended pleading to cure the deficiencies in those claims dismissed without prejudice.  *See* Ord., ECF No. 9.

On March 20, 2018, Plaintiff filed the FAC, realleging claims against Does 1-4, Sequeira, Neeson, Craig, Kaplan, and Morreira.  FAC, ECF No. 14.  On April 3, 2018, the court dismissed the FAC in part and directed service on Defendants Craig, Neeson, Morreira, and Doe Defendants 1 and 2.  Ord., ECF No. 15.

On April 3, 2018, Plaintiff served the FAC on Craig, Neeson, and Morreira.  *See*  ECF Nos. 20-27.

On May 29, 2018, Plaintiff filed the present Motion to file the SAC.  ECF No. 28.

On June 1, 2018, Morreira and Neeson filed their Answer.  ECF No. 29.  Dr. Craig has not answered the FAC, and Plaintiff has not identified Does 1 and 2.

---

[2]After Plaintiff clarified that he was *not* a pretrial detainee when the incidents allegedly occurred, the court reinstated Plaintiff's Eighth Amendment claims.  *See* Ord., ECF No. 11.

## II. Federal Rule of Civil Procedure 15

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) advises, "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

For purposes of assessing futility, the legal standard is the same as it would be on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Moreover, because Plaintiff is a prisoner alleging claims against government officials, the court is required to screen the SAC and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if its claims are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Screening under § 1915A(a) involves the same standard of review as that used under Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### III. Discussion

Plaintiff alleges that Defendants failed to protect him from assault on June 6 and 20, 2016, by inmate Shalom Tuimalealiifano and his gang associates.

### A. Failure-to-Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and quotations omitted). To establish a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison official acted with "deliberate indifference" to the inmate's health or safety. *Id.* A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety" – that is, "the official must both be aware of facts from which the inference could be drawn

5

that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

## B. Analysis[3]

In the SAC, Plaintiff alleges that HCF classification officers Does 1 and 2 incorrectly classified Tuimalealiifano as a medium custody inmate when he returned to HCF, despite their explicit knowledge of Tuimalealiifano's extensive history of violence in prison and maximum custody classification status prior to his return to Hawaii. *See* SAC, ECF No. 28-1, PageID #186-88. Due to this alleged reckless disregard (or deliberate indifference) or negligent misclassification, Plaintiff alleges Does 1 and 2 failed to protect him from Tuimaleaiifano's assault on June 6, 2016, after Plaintiff was moved into Tuimalealiifano's housing and workline area. The SAC states a plausible claim for relief against Does 1 and 2.

Plaintiff was treated and rehoused in the HCF medical unit until June 20, 2016. Plaintiff alleges that HCF counselor Neeson investigated the June 6, 2016 assault, interviewed Plaintiff on his return from the hospital, and obtained "anonymous kites"[4] from other inmates regarding Tuimalealiifano's violent

---

[3]These facts are taken from Plaintiff's earlier pleadings and from the SAC and are accepted as true for the purposes of this Order. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[4]Plaintiff earlier described these "Anonymous Kites" as notes "by other inmates who
(continued...)

behavior. *Id.* at PageID #189. Armed with this information, Neeson initiated a "Separatee status" form to keep Plaintiff separated from Tuimalealiifano and his gang associates on his release from the medical unit. *Id.* Plaintiff alleges that, despite Neeson's knowledge of the danger of housing Plaintiff near Tuimalealiifano and other gang members, and his assurances that Plaintiff would be safe, Neeson failed to prevent Plaintiff from being housed with separated gang members on his release from the medical unit. Plaintiff was immediately assaulted and taken hostage on June 20, 2016. The SAC adequately alleges a plausible claim for relief against Neeson.

Plaintiff next alleges that unit team manager Morreira failed "to review, file, submit, and/or document everything in the course of his duties[, which] resulted in the establishment of the deliberate indifference of defendant Morreira. *Id.* at PageID #190. Plaintiff alleged the identical statement of facts against Morreira in the FAC. *See* FAC, ECF No. 14, PageID #113. Plaintiff fails to identify what Morreira's duties were, explain what Morreira knew regarding the assaults, or allege what Morreira did or failed to do that caused Plaintiff to be assaulted on June 6 or 20, 2016.

---

[4](...continued)
feared for their lives." *See* Am. Compl., ECF No. 8, PageID #43.

In contrast, Plaintiff's earlier pleadings explained that Morreira "was responsible for the reviewing and filing of all documentation pertaining to plaintiff in the course of his duties." Am. Compl., ECF No. 8, PageID #44. He alleged that, in light of Morreira's responsibility to maintain accurate files on Plaintiff, his "failure to review, file, submit and/or document everything concerning the plaintiff" led to his being housed with Tuimalealiifano and the other gang members, and thus, constituted deliberate indifference or negligence toward his safety. *Id.* at PageID #50. These statements were sufficient to state a plausible failure-to-protect claim against Morreira. Plaintiff fails, however, to state a plausible claim for relief against Morreira in either the FAC or SAC, and these claims must be DISMISSED.

In the SAC and the FAC, Plaintiff's only allegations against Dr. Craig are:

> 36. Between June 6th 2016, and June 20th, 2016, defendant Craig as a medical doctor met with plaintiff regularly.
>
> 37. Defendant Craig as a medical doctor failed to protect the plaintiff in the course of his duties and establish the deliberate indifference of defendant Craig.

FAC, ECF No. 14, PageID #113; SAC, ECF No. 28-1, PageID #190. In his earlier pleadings, Plaintiff alleged that he had met with Dr. Craig many times between June 6 and 20, 2016, during which meetings Plaintiff discussed his fears for his safety regarding Tuimalealiifano and his gang associates. *See* Compl., ECF No. 1,

PageID #5; Am. Compl., ECF No. 8, PageID #43 ("Defendant Craig also had obtain[ed] intimate knowledge of the "Threats to Safety" toward plaintiff through his many meetings with plaintiff."). Plaintiff fails to reallege this crucial statement of facts in the SAC or in the FAC. Consequently, Plaintiff fails to allege sufficient facts that show that Dr. Craig knew of and disregarded an excessive risk to Plaintiff's safety. Plaintiff's claims against Dr. Craig must also be DISMISSED.

Permitting Plaintiff to file the proposed SAC would be futile, and Plaintiff's Motion is DENIED. Moreover, it is clear that the operative FAC, standing alone and without reference to Plaintiff's earlier pleadings, fails to state plausible claims for relief against Defendants Dr. Craig and Morreira. Consequently, Plaintiff's claims in the FAC against Craig and Morreira as alleged must be dismissed.

## IV. Conclusion

(1) Plaintiff's Motion for Leave to File an Amended Complaint is DENIED as futile.

(2) Plaintiff's claims as alleged in the operative FAC against Defendants Thomas Craig, III, M.D., and Keoni Morreira are DISMISSED without prejudice.

(3) Plaintiff is DIRECTED to submit an amended complaint on the court's prisoner civil rights complaint form that explicitly sets forth *all* of the relevant facts that support his federal civil rights and state negligence claims as alleged

9

against Defendants Paul Neeson, Thomas Craig, III, M.D., Keoni Morreira, and Does 1 and 2 in their individual capacities on or before June 21, 2018.

IT IS SO ORDERED.

DATED: June 7, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Gordon v. Sequeira, et al.*; Civil No. 17-00541 DKW-KJM; **ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT AND DISMISSING FIRST AMENDED COMPLAINT IN PART WITH LEAVE TO AMEND**

*Gordon v. Sequeira*, No. 1:17-cv-00367 DKW-KJM; Nondsp Ords'18 Gordon 17-541 (dny m file SAC, ord amd. C)