IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| SCOTT LEE GORDON, | Case No. 17-cv-00541-DKW-RLP |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND PROTECTIVE ORDER** |
| vs. | |
| PAUL NIESEN, *et al.*, | |
| Defendants. | |

On August 30, 2018, pro se Plaintiff Scott Lee Gordon filed a Motion for Preliminary Injunction and Protective Order. Dkt. No. 44. In the motion, Gordon requests an order that he remain at Saguaro Correctional Center (SCC) until the date of his scheduled trial on July 1, 2019. Gordon also requests a restraining order against an inmate, Shalom Tuimalealiifano, and his known associates and/or fellow gang members, as well as a restraining order against all defendants in this case. On September 28, 2018, Defendants Paul Niesen and Keone Morreira filed an opposition to the motion. Dkt. No. 50. On October 15, 2018, Gordon filed a reply. Dkt. No. 51. Because Gordon fails to show he is likely to suffer irreparable injury, the Motion for Preliminary Injunction and Protective Order is DENIED.[1]

---

[1] In an EO setting the briefing schedule on the instant motion, the Court stated it would determine whether to hold a hearing after briefing concluded. Dkt. No. 46. Pursuant to Local Rule 7.2(d), the Court now finds the instant motion is suitable for disposition without a hearing.

1

## PROCEDURAL BACKGROUND

On June 25, 2018, Gordon filed a Second Amended Complaint (SAC) against Niesen, Morreira, Thomas Craig III, and Does 1 and 2 (collectively, "Defendants"). Dkt. No. 34. Shortly thereafter, the Magistrate Judge found that the SAC stated a claim against the Defendants, ordered Niesen and Morreira to answer the same, and ordered Gordon to identify Does 1 and 2 and provide a current address for Craig. Dkt. No. 35. Niesen and Morreira filed an answer to the SAC on July 12, 2018. Dkt. No. 38.

On August 30, 2018, Gordon filed the instant motion. Dkt. No. 44. Soon after filing the motion, Gordon filed a letter, stating that he "wanted to make sure it's clear what I was trying to say" in the motion. Dkt. No. 48. In the letter, Gordon reiterated that he wanted to "remain" at SCC until July 1, 2019. Niesen and Morreira then filed a response to the motion, Dkt. No. 50, and Gordon filed a reply, Dkt. No. 51. As of the date of this Order, Does 1 and 2 have not been identified, and Craig has not been served.[2]

## LEGAL STANDARD

The Court liberally construes Gordon's pro se motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for a pro

---

[2]In that regard, on August 7, 2018, Gordon informed the Court that he would seek to identify Does 1 and 2 through discovery. Dkt. No. 40. As for Craig, while Gordon has provided two potential addresses for him, *see id.*, the record does not reflect that Craig has been served.

se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

In the motion, Gordon requests three forms of injunctive relief: (1) an order that he remain at SCC until July 1, 2019; (2) a restraining order against Tuimalealiifano; and (3) a restraining order against the Defendants. The Court addresses each request, focusing upon whether Gordon has shown a likelihood of irreparable injury.

**Remaining at SCC**

In the motion, Gordon states that he should remain at SCC "for reasons of [his] safety and security." However, other than stating that the events in this case occurred at a different prison, Halawa Correctional Facility (HCF), and he is not in fear at SCC, Gordon provides no explanation for why it is likely he will suffer irreparable injury if he does not remain at SCC or why it is likely that he will be

3

removed from SCC.

In his letter, Gordon goes a little further, stating that he does not want to return to HCF because he does not feel safe and is "in fear of retaliation from Halawa staff." However, even if the Court were to accept that Gordon has a subjective fear of retaliation, there is no evidence to suggest that any staff at HCF would retaliate against Gordon if he was returned there. Similarly, although, in light of the allegations in the SAC, the Court can certainly accept that Gordon would feel unsafe if he was returned to HCF, that does not mean that he will be returned to HCF before July 1, 2019 or, even if he was returned, that irreparable injury would be likely.

In reply, Gordon adds further detail on past events at HCF in which he alleges he suffered injuries and his safety was "breached." Whether the alleged events demonstrate Gordon will suffer irreparable injury if he is returned to HCF is doubtful.[3] Nevertheless, the Court need not resolve that issue because the events do not demonstrate that Gordon is under any threat or likelihood of being removed from SCC prior to July 1, 2019. Because there is no evidence that Gordon will be removed from SCC, he cannot show a likelihood of irreparable injury if an order is not issued requiring he remain there.[4]

**Restraining Order against Tuimalealiifano and Other Inmates**

---

[3]This is especially so given that it appears that neither Tuimalealiifano nor another inmate Gordon identifies, John Talo, are currently housed at HCF.
[4]In other words, any such order would be far too speculative at this juncture.

4

In the motion, Gordon requests a restraining order against Tuimalealiifano and his known associates and/or fellow gang members. Although the motion does not explain why Gordon wishes such an order, in light of the record as a whole, it is clear why he does: according to Gordon, Tuimalealiifano and his associates, which appear to include another inmate Gordon identifies, John Talo, "brutally assaulted" him.

The problem, at least in the context of the likelihood of irreparable injury, is Gordon appears to state in his reply that both Tuimalealiifano and Talo are currently housed at SCC. Tuimalealiifano certainly appears to be housed at SCC, given that Gordon alleges in the SAC that that is the case. *See* SAC ¶ 25. As for Talo, there is no such definitive allegation from Gordon, but an inmate request form he attaches to his reply suggests that Talo and Gordon arrived at SCC on the same plane. *See* 8/2/17 Inmate Request Form, Dkt. No. 51-4. In any event, to the extent Talo is not currently at SCC, given that Gordon is there, Gordon cannot show it is likely he will suffer irreparable injury. To the extent Tuimalealiifano and Talo are currently at SCC, although Gordon states that he has "come close to both," he cannot show irreparable injury is likely in light of his repeated assertions that he is "safe here at Saguaro Correctional Center" and wants to remain there. The same is, thus, true of any other associates or fellow gang members of Tuimalealiifano and Talo.

Finally, in this regard, Gordon acknowledges that he has "separatee" forms in place with respect to Tuimalealiifano and Talo.[5] In light of Gordon's assertions that he is safe at SCC, those separatee forms are evidently working. It is through the prison-issued separatee forms, not a court-issued restraining order against inmates who are not parties to this litigation, that Gordon should seek to maintain his safety.

**<u>Restraining Orders against Defendants</u>**

In the motion, Gordon requests a restraining order against all defendants "due to fear of being retaliated against." Gordon also states in the motion, however, that he is "at SCC in Arizona away from all Defendants, causing no harm to any of the defendants." It is, thus, not easy to discern, even liberally construing the motion, how it is likely that any Defendant will be able to retaliate against Gordon (assuming, of course, any Defendant would be predisposed to do so). In reply, Gordon provides little clarity in this regard, asserting only that a "stigma remains" due to this litigation.

Adding to the uncertainty is that, at no point, does Gordon explain what it is he wants the Court to restrain the Defendants from doing. Conceivably, given Gordon's principal request, he may want Defendants to be restrained from bringing him back to HCF. But, as Niesen and Morreira state in declarations opposing the

---

[5]As the name implies, "separatee" forms are meant to keep one inmate separate from another.

motion, they have no authority to make that happen.  *See* 9/27/18 Decl. of Keone Morreira at ¶ 5, Dkt. No. 50-1; 9/27/18 Decl. of Paul Niesen at ¶ 5, Dkt. No. 50-2.[6]

In light of all the foregoing, even liberally construing the record, given that Gordon is presently housed at SCC, which, he says, is "away from all Defendants," the Court cannot find that Gordon has shown any likelihood of irreparable injury should the Court not issue an order restraining Defendants from doing some unidentified act(s).[7]  As a result, this request must be denied as well.

In sum, although there may be other deficiencies with the relief Gordon seeks in the motion, because he has failed to show that it is likely he will be irreparably injured should an injunction not be issued, the motion must be denied.  *See Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.") (emphasis omitted).

## **CONCLUSION**

Based upon the foregoing, Gordon's Motion for Preliminary Injunction and Protective Order, Dkt. No. 44, is DENIED.

---

[6] The same is undoubtedly true of Craig, given that he is no longer an employee at the Department of Public Safety.  *See* Dkt. No. 42.

[7] The Court notes that, in his reply, Gordon states that: "Action is being taken so the staff of Department of Public Safety will look and act in a certain way towards the plaintiff …."  Apart from having nothing to do with a likelihood of irreparable injury, restraining Defendants from looking or acting in a certain way toward Gordon is unlikely to have any desired effect given that none of the Defendants work at SCC.

7

IT IS SO ORDERED.

Dated: November 5, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge